[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10460
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20846-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE MAYANS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jorge Mayans pled guilty to possession of device-making equipment with

intent to defraud in violation of 18 U.S.C. § 1029 (a)(4). Mayans appeals his

sentence of 30 months' imprisonment arguing that the district court improperly applied a two-level increase for Mayans' role as a leader or organizer of the crime under U.S.S.G. § 3B1.1(c). Specifically, Mayans argues that the government did not produce any specific or reliable evidence to support the aggravating role enhancement. Upon review of the record and consideration of the parties' briefs, we affirm.

## I. BACKGROUND

Mayans was indicted for possession of a credit card "skimming" device, with intent to defraud in violation of 18 U.S.C. § 1029(a)(4). Mayans pled guilty pursuant to a written plea agreement accompanied by a factual proffer. The proffer indicated that Mayans had obtained the skimming device from a middle man who "had given Mayans the skimming device in hopes that Mayans could find someone to load it with credit card numbers." (R1-42 at 1).

According to the Presentence Investigation Report ("PSI") on September 14, 2009, a customer at a Popeye's Chicken Restaurant reported that a restaurant employee, Miller Celestino was "skimming" a customer's credit card through a small hand-held credit card device. A City of Miami police officer responded to the scene and interviewed Celestino who denied skimming the customer's credit card. Later, U.S. Secret Service agents also responded to the scene and

2

interviewed Celestino. He eventually admitted that he had hidden a skimmer inside the restaurant. Celestino agreed to meet the agents across the street from the restaurant so as to avoid the attention of his co-workers.

When Celestino met with the agents, he gave them the credit card skimming device. Celestino stated that he "was approached" on September 10, 2009, by Jorge Mayans. (PSI ¶ 9). Celestino explained that Mayans gave him the skimmer and asked him to skim six credit cards while at work. He further stated that Mayans offered to pay him $10 per credit card number. *Id*.

Celestino then made a monitored telephone call to Mayans, during which Celestino and Mayans agreed to meet that evening so that Celestino could return the skimmer and receive payment from Mayans. Celestino and Mayans met and Celestino exchanged the skimmer for $40 cash. After the exchange, agents and local authorities arrested Mayans and Celestino.

Mayans provided a written acceptance of responsibility statement to the probation officer. In the statement, Mayans admitted, "I provided an electronic credit card 'skimming' device to co-defendant Miller Celestino . . . I knew this device was going to be used for an illegal purpose; I was gong [sic] to pay Celestino for using the skimmer to get some credit card numbers; I was looking for him to get six credit card numbers, give me the device back, and then I would

3

pay him $10 per number . . ."  (PSI ¶ 20).

The district court adopted the PSI's guideline calculations including the two-level increase under U.S.S.G. § 3B1.1(c).  The district court sentenced Mayans to 30 months' imprisonment, the bottom of the sentencing guidelines range, with 2 years supervised release.  (R2 at 21).

## II. DISCUSSION

The district court's determination of a defendant's role in the offense under U.S.S.G. § 3B1.1 is a factual finding this Court reviews for clear error.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc) (quotation omitted).  Under the clear error standard, "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed."  *United States v. Clarke,* 562 F.3d 1158, 1165 (11th Cir. 2009), *cert. denied,* 130 S. Ct. 809 (2009) (internal quotation marks omitted).

If a defendant was an organizer, leader, manager, or supervisor of the criminal activity, his offense level may be increased by two levels.  U.S.S.G. § 3B1.1(c).  "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."  *Id*., cmt. n.2.  "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted."

4

*Id.*, cmt. n.1. "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *United States v. Phillips*, 287 F.3d 1053, 1058 (11th Cir. 2002) (citation and quotation omitted).

The factors that a sentencing court considers to decide if this enhancement is applicable are: (1) exercise of decision-making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others. U.S.S.G. § 3B1.1, cmt. n.4.

While the government must prove the enhancement is warranted by the preponderance of the evidence by presenting reliable and specific evidence, *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996), "[t]he findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) (citation and quotation omitted). "Where statements in a PSI are undisputed, 'the court [is] permitted to rely on them despite the absence of supporting evidence.'" *United States v. Lopez-*

*Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009) (citation omitted).

Here, the undisputed facts from the record support a finding that the § 3B1.1(c) factors in Mayans' role in the offense are present for a two-level increase in his sentence. While Mayans submitted supplemental objections to the PSI claiming that he did not recruit Celestino, he admitted in the plea proffer to obtaining a credit card skimmer in hopes of finding someone to load it with credit card numbers. (R1-42). Further, according to Mayans' written acceptance of responsibility statement in the PSI, he provided the skimmer to Celestino. Mayans specifically instructed Celestino to obtain six credit card numbers from customers at his workplace and then return the skimmer and the numbers to Mayans.

Both of these admitted, undisputed statements suggest that Mayans did "recruit" Celestino to use the skimmer, as Mayans was seeking someone to load the skimmer for him, and the sentencing court could rely on these statements of fact to determine that Mayans acted in a leadership capacity in committing the offense. *Martinez*, 584 F.3d at 1027. Mayans' actions demonstrate planning and organizing, as well as recruiting an accomplice under § 3B1.1. Mayans also claimed a right to a larger share of the "fruits of the crime," further fulfilling the

definition of a leadership role under § 3B1.1.[1]  Lastly, as to whether Mayans'

relationship with Celestino could serve as the basis for the enhancement, it is

undisputed that Celestino was a participant in the offense under the meaning of §

3B1.1.

We conclude that the district court did not clearly err in applying the

enhancement for being an organizer or leader of a credit card skimming scheme.

Accordingly, we affirm the district court's application of the U.S.S.G. § 3B1.1(c)

leadership role enhancement.

**AFFIRMED.**

---

[1]  As the district court noted, Mayans paid Celestino $10 per number, rather than sharing the proceeds of the criminal enterprise with him.  (PSI ¶ 20).